IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BECKLEY DIVISION

ROBERT ANDY TILLER,

            Plaintiff,

v.                                      CIVIL ACTION NO.   5:13-cv-05385

WEST VIRGINIA DEPARTMENT OF
STATE POLICE, et al.,

            Defendants.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Defendant Colonel C.R. "Jay" Smither's Motion to Dismiss the Plaintiff's Complaint* (Document 5) and accompanying *Memorandum in Support* ("Def.'s Mot.") (Document 6).[1]  After careful consideration of the complaint and the parties' written submissions, the Court finds that the Defendants' motion should be granted.

    **I.**      **FACTUAL BACKGROUND & PROCEDURAL HISTORY**

On March 18, 2013, the Plaintiff, Robert Andy Tiller, filed a Complaint in the United States District Court for the Southern District of West Virginia against the Defendants, West Virginia Department of State Police (WVSP), Colonel C.R. "Jay" Smithers (Smithers), in his official capacity as Superintendent of the WVSP, and Sergeant B.R. Moore (Moore), in his

---

[1]  The Court notes that each of the Defendants filed a Motion to Dismiss and accompanying Memorandum. (*See* Documents 5-10.) The Court has consolidated all of the respective motions for the sake of judicial economy and for ease of ruling. Further, all of Defendants' counsel, and most of their arguments, are identical. Any citation to "Def.s' Mot." herein is a reference to Defendant Colonel C.R. "Jay" Smithers' *Memorandum of Law in Support of His Motion to Dismiss the Plaintiff's Complaint* (Document 6).

individual and official capacity as a West Virginia State Trooper.[2] (*See* Complaint.) The Plaintiff alleges that on or about February 14, 2011, Moore, after seeing the Plaintiff operating his dirt bike motorcycle, allegedly without insurance, and "act[ing] within the scope of his employment and duties with the [WVSP]," and "under color of law," arrived at the Plaintiff's home, "handcuffed the Plaintiff and then threatened [him] while his children were present," and "without any incident … threw Plaintiff [still handcuffed] off the porch," "down approximately 8 stairs and repeatedly struck the Plaintiff," thereby "inflicting excessive corporate punishment." (Compl. ¶¶ 15-18, 23-24.) The Plaintiff states that he was not "armed with any weapon of any kind" nor "under the influence of alcohol or any drug." (*Id*. ¶¶ 19-20.) The Plaintiff alleges that Moore then "went inside the Plaintiff's residence and looked through [his] personal property" "[without] a search warrant, exigent circumstances or permission." (*Id*. ¶¶ 21-22.) All of the abovementioned acts are considered by the Plaintiff to be "fraudulent, malicious or otherwise oppressive." (*Id*. ¶ 28.)

As a result, the Plaintiff incurred injuries to "his back, wrists, shoulders and elbow, [including] abrasions and contusions, pain and suffering, mental anguish, emotional distress and violation[s] of [his] civil and constitutional rights." (Compl. ¶ 25.) The Plaintiff also alleges incurring "medical bills and expenses in the past, present and future." (*Id*. ¶ 25.) Consequently, he asserts six (6) causes of action for (1) the tort of outrage, (2) excessive battery, (3) negligence, (4) intentional outrageous conduct, (5) constitutional tort and (6) a 42 U.S.C. § 1983 claim. (Id. ¶¶ 30-50.) The Plaintiff seeks "compensatory damages for past, present and future medical expenses, loss of earning capacity" and "general damages for past, present and future pain and suffering, mental anguish, permanent injury, inconvenience, loss of society, loss of the enjoyment

---

2  The Court notes there are issues surrounding service of the Defendants with the instant complaint. The Court addresses these issues in the Discussion section, *infra*.

of life and emotional distress" as well as "punitive damages" and the "policy limits of the insurance coverage for [WVSP]," including "pre and post-judgment interest [and] costs and attorney fees." (*Id*. at 9.)

On July 23, 2013, all three Defendants filed their respective motions to dismiss. (Documents 5-10.) The Plaintiff initially did not file a response in opposition, but on August 23, 2013, Moore filed a *Notice Directing this Honorable Court to Document Numbers 5, 6, 7, and 8* (Document 13) and accompanying *Renewed Motion to Dismiss the Plaintiff's Complaint* (Document 14.) Later that same day, the Plaintiff filed *Plaintiff's Response and Memorandum of Law in Opposition to Plaintiff's* (sic) *Motion to Dismiss the Plaintiff's Complaint* (Document 16) and attached exhibits (Document 16-1.)[3] On August 30, 2013, the Defendants filed a *Combined Reply to the Plaintiff's Response to the Motion to Dismiss the Plaintiff's* (sic) *Complaint* (Document 17) and attached exhibit (Document 17-1.)[4] On October 7, 2013, the Defendants filed a *Renewed Notice Directing this Honorable Court to Document Numbers 5, 6, 7, and 8* (Document 23.)

## II. STANDARD OF REVIEW

A motion to dismiss filed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure tests the legal sufficiency of a complaint. *Francis v. Giacomelli*, 588 F.3d 186, 192 (4th Cir. 2009); *Giarratano v. Johnson*, 521 F.3d 298, 302 (4th Cir. 2008). "[T]he legal sufficiency of a complaint is measured by whether it meets the standard stated in Rule 8 [of the Federal Rules of

---

[3] The Plaintiff's three exhibits include the following: (1) a copy of a "notice" letter pursuant to W.Va. Code 55-17-3, dated February 14, 2013, including corresponding certified mail receipts (Document 16-1 at 1-6); (2) a copy of Document 4 on CM/ECF, which is a 2 page notice of appearance by defense counsel (*Id*. at 7-10); and (3) a copy of an August 15, 2013 Charleston Daily Mail article titled "Mingo judge indicted on federal charges." (*Id*. at 11-14.)
[4] The Defendants' exhibit is a copy of a June 21, 2013 letter from defense counsel to the Plaintiff's attorney. (Document 17-1 at 1.)

3

Civil Procedure] (providing general rules of pleading) . . . and Rule 12(b)(6) (requiring that a complaint state a claim upon which relief can be granted.)" (*Id.*) Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed.R.Civ.P. 8(a)(2).

In reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim, the Court must "accept as true all of the factual allegations contained in the complaint." *Erikson v. Pardus*, 551 U.S. 89, 93 (2007). The Court must also "draw[ ] all reasonable factual inferences from those facts in the plaintiff's favor." *Edwards v. City of Goldsboro*, 178 F.3d 231, 244 (4th Cir. 1999). However, statements of bare legal conclusions "are not entitled to the assumption of truth" and are insufficient to state a claim. *Ashcroft v. Iqbal,* 556 U.S. 662, 679 (2009). Furthermore, the court need not "accept as true unwarranted inferences, unreasonable conclusions, or arguments." *E. Shore Mkts., v. J.D. Assocs. Ltd. P'ship,* 213 F.3d 175, 180 (4th Cir. 2000). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice… [because courts] 'are not bound to accept as true a legal conclusion couched as a factual allegation.'" *Iqbal,* 556 U.S. at 678 (quoting *Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007)).

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" *Iqbal,* 556 U.S. at 678 (quoting *Twombly,* 550 U.S. at 570.) In other words, this "plausibility standard requires a plaintiff to demonstrate more than 'a sheer possibility that a defendant has acted unlawfully.'" *Francis v. Giacomelli,* 588 F.3d 186, 193 (4th Cir. 2009) (quoting *Twombly,* 550 U.S. at 570.) In the complaint, a plaintiff must "articulate facts, when accepted as true, that 'show' that the plaintiff

4

has stated a claim entitling him to relief." *Francis,* 588 F.3d at 193 (quoting *Twombly,* 550 U.S. at 557.) "Determining whether a complaint states [on its face] a plausible claim for relief [which can survive a motion to dismiss] will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal,* 556 U.S. at 679.

### III.   DISCUSSION

The Defendants seek dismissal of the Plaintiff's Complaint on multiple grounds, including improper service, failure to file the Complaint within the applicable statute of limitations, failure to state a claim upon which relief can be granted and qualified immunity. (Defendants' Motion to Dismiss pp. 4-14) (Def.s' Mot.)   The Court will consider the parties' arguments below.

A. *Service of Process*

The Defendants argue that the Plaintiff failed to timely serve them with the Complaint. For support, they cite to the plain language of Rule 4(m) of the Federal Rules of Civil Procedure. (Def.'s Mot at 4.)   The Plaintiff opposes this contention, claiming that he had received a "Notice of Appearance from Defendants' Counsel," and that "the Defendants did not take any other action in this matter until several months later after [he] contacted [Defendants] … as a professional courtesy concerning the status of an Answer to [the] Complaint." (Pl.'s Response ¶¶ 10-12) (Pl.'s Resp.)   Due to the lack of an answer to the complaint, the Plaintiff then argues that the Defendants "were in default as contained within Rule 55 of the Federal Rules of Civil Procedure." (*Id*. ¶ 15.) The Plaintiff insinuates that due to an ongoing federal investigation, Moore was "avoiding service" and "very difficult to serve[.]" (*Id*. ¶ 17.)

5

In reply, the Defendants cite to *Leach v. BB&T Corp.*, 232 F.R.D. 545 (N.D. W.Va. 2005) for the proposition that a party does not waive their right to service simply through an attorney's appearance. (Defendants' Combined Reply p. 2) (Def.s' Rep.)   The Defendants' counsel asserts that they sent a letter to Plaintiff's counsel and followed up with multiple phone calls inquiring if service was ever made, and that Plaintiff's counsel failed to respond. (*Id*.)   They further point out that the Plaintiff has failed to provide any good cause as to why he waited so long to serve Moore, Smithers or the WVSP. (*Id*.)   Construing the Plaintiff's assertions in the light most favorable to him, the Court nonetheless finds them lacking in merit.

Rule 4(m) of the Federal Rules of Civil Procedure declares that "[i]f a defendant is not served within 120 days after the complaint is filed, the court … must dismiss the action without prejudice against that defendant … [.]" Fed.R.Civ.P. 4(m).[5]   "Rule 4(m) requires the district court to "extend the time for service to an appropriate period" if there is good cause for not serving the defendant within 120 days after the complaint is filed." *Robinson v, Clipse*, 602 F.3d 605, 608 (4th Cir. 2010) (quotations omitted).   "Absent a showing of good cause, failure to serve a defendant within this time frame permits the Court to dismiss the action without prejudice against that defendant … ." *Teal v. CB Richard Ellis, Inc.*, 2013 WL 5276702 (W.D.N.C. 2013.) (quotations omitted).

A review of the electronic docket on CM/ECF reveals that Moore was personally served on August 15, 2013 (Document 12), while both Smithers and WVSP were personally served on

---

5   Under Fed.R.Civ.P. 4(m), the Court has discretion to order that good cause be shown why service was not timely, but considering the Plaintiff's arguments for cause in his Response, no order need be issued, or further argument heard. "*See, e.g., Hoffman v. Baltimore Police Dep't,* 379 F.Supp.2d 778, 786 (D.Md.2005) (noting that courts have found 'good cause' when 'the defendant was evading service; the plaintiff experienced difficulty in obtaining defendant's proper address; the plaintiff was misdirected by court personnel as to proper procedure; or a defect in the attempted service was not revealed by the defendant until after the time expired' (internal citations omitted))." *Harris v. Copeland*, 2013 WL 4504764 at p. 12 (D.S.C. 2013.)

September 16, 2013 (Documents 18 and 19.) Because the Complaint was filed on March 18, 2013, and service was not effectuated until, at the earliest, August 15, 2013, it was plainly untimely. The Plaintiff's unsubstantiated and uncorroborated inference that because Moore was under federal investigation he was "avoiding any personal service," is unavailing. The Plaintiff himself could only "presume that [due to the federal investigation] Moore was avoiding any personal service," but mere presumptions and insinuations cannot be the basis for a finding of "good cause" under the theory that the Defendant was evading service. Not one affidavit or any other factual information was offered by the Plaintiff to buttress such a finding by the Court.

Likewise, the record indicates that Defendants' counsel informed Plaintiff's counsel in a June 21, 2013 letter that service had not been accomplished on any Defendant, and to call if Plaintiff's counsel wanted to talk about the matter further. (Document 17-1.) This letter was sent with over twenty (20) days left in which to properly serve the Defendants pursuant to Rule 4(m). Therefore, it cannot be said that Defendants' counsel waited until time expired to then reveal any deficiency to opposing counsel. The Court also notes that the address and location of the WVSP and Smithers was neither a secret nor hard to determine, especially in light of the fact that the summons issued by the Clerk contained the appropriate address for the West Virginia Department of State Police and Smithers. (Document 2.)

Moreover, the Plaintiff had still failed to serve two of the Defendants, Smithers and WVSP, at the time Plaintiff's *Response in Opposition* was filed on August 23, 2013. As noted above, service on these two Defendants did not occur until September 16, 2013, even later than the service on Moore. Thus, because the Plaintiff failed to timely serve the Defendants, and there has been no showing of good cause which would otherwise excuse this failure, this Court lacks personal

7

jurisdiction over the Defendants, and the Complaint should be dismissed without prejudice. Assuming *arguendo* that service was timely, or that good cause existed to extend the service deadline to the dates on which Defendants were actually served, the Defendants are still entitled to a dismissal of the complaint based on Plaintiff's failure to file his action within the applicable statute of limitations.

*B. Statute of Limitations*

The Defendants next argue that all of the Plaintiff's claims should be dismissed because the Plaintiff failed to heed the applicable statute of limitations. They point out that the alleged incident occurred on February 14, 2011, but, as mentioned above, the Plaintiff did not file his Complaint until March 18, 2013. (Def.s' Mot. p. 7.) The Defendants assert that all of the Plaintiff's claims are subject to a two-year statute of limitations, including the claim for negligence and violation of 42 U.S.C. § 1983, and are, therefore, time-barred. (*Id*.) The Defendants correctly note that there is no federal statute of limitations for a 42 U.S.C. § 1983 claim, but point the Court to the reasoning in *Nat'l Adver. Co. v. City of Raleigh*, and its holding that courts are to borrow the statute of limitations for a § 1983 claim from the analogous state statute of limitations. 947 F.2d 1158, 1162 (4th Cir. 1991) (Def.s' Mot p. 7.)

Recognizing the fact that West Virginia has multiple statutes of limitation for personal injury actions, the Defendants also cite *Owens v. Okure* for the proposition that a court faced with this dilemma is to proceed using the state's general or residual personal injury statute of limitations. 488 U.S. 235 (1989). The Supreme Court in *Owens* specifically rejected using the intentional tort statute of limitations, noting "[it] is particularly inapposite in light of the wide spectrum of claims which § 1983 has come to span." (*Id*. at 249.) As such, the Defendants direct

the Court's attention to the wording of West Virginia Code § 55-2-12(b), which provides that [e]very personal injury action for which no limitation is otherwise prescribed shall be brought … within two years next after the right to bring the same shall have accrued if it be for damages for personal injuries … ." W.Va. Code § 55-2-12(b).

The Defendants, anticipating a tolling argument from the Plaintiff, maintain that there can be no tolling of the two-year statute of limitations because the Plaintiff filed suit in federal court and, thus, West Virginia Code § 55-17-3, *et seq*., and accompanying tolling provision, are inapplicable. (Def.s' Mot. p. 8.)  In other words, they argue that "[t]he pre-suit notice requirement does not apply to § 1983 actions in federal court as a matter of straightforward statutory construction … ." (*Id*.)

The Plaintiff responds by quoting the language of W.Va. Code § 55-17-3, emphasizing "**[n]otwithstanding any provision of the law to the contrary**, at least thirty days prior to the institution of an action against a government agency, the [Plaintiff] **must** provide … notice of the alleged claim and the relief desired." (Pl.'s Resp. ¶ 5.) (emphasis in original).  With respect to any choice of forum decisions, the Plaintiff retorts that he should not be punished for "[his] choice to file in federal court rather than state court." (*Id*. ¶ 25.)  The Plaintiff also discounts much of the case law the Defendants cite regarding how federal courts in West Virginia have dealt with W.Va. Code § 55-17-3, *et seq*., and tolling. (*Id*. ¶¶ 22-25.)  The Plaintiff agrees that the Court must look to state law for the applicable statute of limitations. (*Id*. ¶¶ 26-28.)  The Plaintiff then declares, however, that "the question of whether the statute of limitations is tolled is resolved by reference to state law, [declaring that] the right to sue letter would be applicable in the determination of when the statute of limitations was tolled." (*Id*. at ¶ 29.)

9

The Defendants' reply that this issue has been visited by courts in the Southern District of West Virginia, and that W.Va. Code § 55-17-3 does not apply to federal court actions. (Def.s' Rep. p. 3.) West Virginia Code § 55-17-3(a)(1) states, in relevant part, that:

> Notwithstanding any provision of the law to the contrary, at least thirty days prior to the institution of an action against a government agency, the complaining party or parties must provide the chief officer of the government agency and the Attorney General written notice, by certified mail, return receipt requested, of the alleged claim and the relief desired.

W.Va. Code § 55-17-3(a)(1) (emphasis added). In conjunction, W.Va. Code § 55-17-3(a)(2) provides that:

> If the written notice is provided to the chief officer of the government agency as required by subdivision (1) of this subsection, any applicable statute of limitations is tolled for thirty days from the date the notice is provided and, if received by the government agency as evidenced by the return receipt of the certified mail, for thirty days from the date of the returned receipt.

W.Va. Code § 55-17-3(a)(2). Critical to the Court's determination today, W.Va. Code § 55-17-2 defines "action" (as used in 55-17-3(a)(1)) as "[a] proceeding instituted against a governmental agency in a circuit court or in the supreme court of appeals … ." W.Va. Code § 55-17-2(1) (emphasis added.)

When one reads all of the applicable statutory provisions, one need not resort to statutory construction or interpretation since the relevant provisions are clear and unambiguous. None is needed to resolve this particular argument because a cursory reading of the straightforward language of the applicable statutory provisions reveals that the entire section, including the tolling provision, is inapplicable in this instance.

10

West Virginia Code § 55-17-3(a)(1) sets forth the circumstances and time frame in which a party is required to file notice with the Attorney General in certain *actions* against the State, and West Virginia Code § 55-17-2(1) precisely defines the *actions* to which 55-17-3(a)(1) applies. It unambiguously defines those actions as proceedings in our state circuit courts or in our state supreme court. (*See* W.Va. Code § 55-17-2(1)). Of course, nowhere in that provision do we find the term "district court" or "federal court." Even if this Court found the language of 55-17-2(1) to be ambiguous and subject to interpretation or construction, the rules of statutory interpretation tell us that the specific inclusion of proceedings in circuit court and the supreme court, in the definition of the term "action" would necessarily imply the exclusion of other courts. (See *Barnhart v. Peabody Coal Co.*, 537 U.S. 149, 168 (2003) (noting the inapplicability of the canon *expressio unius est exclusio alterius*, or that the expression of one thing is the exclusion of another, to the case at bar.) Further, there is no general language or "catch all" phrase included in the provision that might encompass these claims filed in federal court. Lastly, the Court notes that W. Va. Code § 55-17-1, which explains the findings and purpose of Article 17, states that "[i]t is the purpose of this article to establish procedures to be followed in <u>certain civil actions</u> filed on behalf of or against state government agencies and their officials." W.Va. Code § 55-17-1(c)(emphasis added.)

Because West Virginia Code § 55-17-3 does not apply in this case, which Plaintiff chose to file in federal court, the thirty (30) day tolling provision found in § 55-17-3(a)(2) affords Plaintiff no safe harbor. Therefore, since the alleged incident occurred on February 14, 2011, and the instant suit was not filed until March 18, 2013, the Plaintiff failed to file suit within the applicable two-year statute of limitations. Thus, the Defendants are entitled to dismissal of the Plaintiff's complaint, with prejudice.

*C. Remaining Arguments*

The Court, having found that all of the Plaintiff's claims are time barred and, thus, subject to dismissal with prejudice, declines the opportunity to visit the Defendants' remaining arguments.

## IV.    CONCLUSION

WHEREORE, after careful consideration and based on the findings herein, the Court does hereby **ORDER** that the Defendants' Motions to Dismiss (Documents 5, 7, and 9) be **GRANTED** and that the Plaintiff's Complaint be **DISMISSED WITH PREJUDICE**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

                                ENTER:    November 13, 2013

                                IRENE C. BERGER
                                UNITED STATES DISTRICT JUDGE
                                SOUTHERN DISTRICT OF WEST VIRGINIA